IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE ASBESTOS LITIGATION | § | |
| | § | |
| HENNESSY INDUSTRIES, LLC | § | No. 144, 2023 |
| and its Predecessor-in-Interest, | § | |
| AAMCO Tools, Inc., | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| Defendant Below, | § | |
| Appellant, | § | C.A. No. N19C-01-100 |
| | § | |
| v. | § | |
| | § | |
| LISA ESTRADA, individually and | § | |
| as Fiduciary for the Estate of | § | |
| DONALD JORDONEK, deceased, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 28, 2023
Decided: May 19, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1)    The appellant, Hennessy Industries, LLC, has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Superior Court's March 28, 2023 oral ruling denying Hennessy's motion for summary judgment and the court's opinion dated April 11, 2023, denying Hennessy's motion for reargument. The plaintiff-appellee in this asbestos litigation alleges that Donald Jordonek

contracted and died from mesothelioma caused by asbestos exposure during his career as an automotive mechanic. Hennessy is the successor-in-interest to AMMCO Tools, Inc., which manufactured brake lathes and grinders with which Jordonek worked while employed at the Goodyear Tire Service Center in Maple Heights, Ohio, from 1972 to 1999. The AMMCO equipment that Jordonek used did not contain asbestos, but the plaintiff-appellee asserts that AMMCO designed and sold a machine the function of which was to grind asbestos-containing brake linings, and that such use released asbestos dust.

(2) Hennessy moved for summary judgment. Among other arguments, Hennessy contended that under Ohio law it could not be held liable for injuries caused by asbestos-containing products that it did not manufacture or supply. In response, the plaintiff-appellee asserted several theories under which Hennessy could be held liable under Ohio law, including that Hennessy owed a duty to warn users about the danger of asbestos exposure from the use of its products. The Superior Court denied Hennessy's motion for summary judgment as to the duty-to-warn claim in a bench ruling on March 28, 2023. Hennessy moved for reargument; the Superior Court denied the motion in a written opinion on April 11, 2023. The court stated that, "[l]ike a number of other jurisdictions, Ohio follows the general rule that a manufacturer does not have a duty to warn of adjacent parts supplied by

2

a third party, the so-called bare metal defense."[1]  But, noting that "there are well recognized exceptions to this rule,"[2] the court concluded that an Ohio court would recognize an exception to the rule in the circumstances of this case.  Specifically, the Superior Court held that an Ohio court would recognize a duty to warn where a manufacturer of non-asbestos-containing products intended those products to be used with another product for an activity that "inevitably created a hazardous situation."[3]

(3)    The Superior Court denied Hennessy's application for certification of an interlocutory appeal.[4]  The court held that it had decided a substantial issue of material importance, but determined that appellate review before final judgment is not warranted.[5]  Turning to the considerations set forth in Rule 42(b)(iii), the court rejected Hennessy's argument that Rule 42(b)(iii)(A) supported certification.  The court acknowledged that the question presented was one of first impression, but determined that, because it "is not a question of Delaware law, but a question of

---

[1] *Estrada v. Am. Honda Motor Co.*, 2023 WL 2903403, at *3 (Del. Super. Ct. Apr. 11, 2023).

[2] *Id.*

[3] *Id.* at *5; *see also id.* ("The factual requirements that must be established to trigger [this] exception are:  (1) the manufacturer's product is necessarily used in conjunction with another product; and (2) the danger results from the two products together.").

[4] *Estrada v. Am. Honda Motor Co.*, 2023 WL 3093554 (Del. Super. Ct. Apr. 25, 2023).

[5] *Id.* at *1.  *See* DEL. SUPR. CT. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

Ohio law," it is less pressing to resolve on an interlocutory basis.[6] The court also rejected Hennessy's argument that interlocutory review might terminate the litigation,[7] observing that the litigation will continue as to at least one other defendant, regardless of whether it continues against Hennessy.[8] Finally, the court rejected Hennessy's argument that interlocutory review is warranted based on considerations of justice or judicial economy because a decision in Hennessy's favor would save the expense of a trial,[9] reasoning that "[t]his scenario exists in every case, and in this Court's view is not a sufficient reason under factor (H) to grant Hennessy's application."[10] Finally, the court determined that none of the other Rule 42(b)(iii) considerations supported certification and found "no benefit to certification that could outweigh the costs of piecemeal litigation."[11]

(4) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[12] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).

---

[6] *Estrada*, 2023 WL 3093554, at *2 (emphasis omitted).
[7] DEL. SUPR. CT. R. 42(b)(iii)(G).
[8] *Estrada*, 2023 WL 3093554, at *2.
[9] DEL. SUPR. CT. R. 42(b)(iii)(H).
[10] *Estrada*, 2023 WL 3093554, at *2.
[11] *Id.*
[12] DEL. SUPR. CT. R. 42(d)(v).

Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[14]  Interlocutory review would not promote the efficient conclusion of the case, which has been pending for more than four years and which would continue regardless of the outcome of an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] *Id.* R. 42(b)(ii).
[14] *Id.* R. 42(b)(iii).